Dear Mayor Piazza:
This office is in receipt of your request for an opinion of the Attorney General in regard to the City Council's appointment of a commissioner to the Housing Authority of the City of Abbeville. You indicate, at the direction of the U.S. Department of Housing and Urban Development, the Executive Director of this agency has refused to seat this appointment based upon R.S. 40:401 which was reenacted as R.S. 40:531.
You further indicate that Abbeville is a specially chartered municipal corporation which is silent as to such appointments, but point out this office addressed a similar issue for Shreveport in Atty. Gen. Op. 90-336. However, you relate that the difference between the present facts and the Shreveport case appears to be a specific requirement of council approval of a mayor's appointment in Shreveport as opposed to no specific authority granted in Abbeville. You further state, "The issue therefore arises from affirmative action by the City Council, which the Mayor is powerless to overrule because he has no veto power or other authority, all authority being vested with the Council as the governing authority."
Accordingly, you ask, "Please advise as to the effect of the Council's appointment in light of the provisions of R.S. 40:531, which state that the mayor makes this appointment."
R.S. 40:531 provides in pertinent part as follows:
 A. When the governing body of any municipality or parish, as the case may be, has determined, by resolution as set forth in R.S. 40:393, that it is expedient to establish a local housing authority, the chief elected official of the municipality or parish, or if no such official exists, then the governing body itself shall appoint five persons who shall constitute the governing body of the local housing authority and shall be called commissioners.
Paragraphs (B) and (C) respectively pertain to municipalities "with populations of four hundred seventy-five thousand or more" and parishes "with populations of more than four hundred thousand but less than five hundred thousand".
As you note, in Atty. Gen. Op. 90-336 this office found the Shreveport home rule charter modified the state statute to require confirmation by the city council of the mayor's appointment to the Board of Commissioners, but you state there is not a similar provision in the charter for Abbeville.
The City of Abbeville is a special legislative charter municipality originally adopted as Act 103 of 1850 of the Regular Legislative Session. Therefore, the provisions of the Lawrason Act do not apply to the municipalities operating under a special charter, even where the special charter is silent on a particular matter. Thus, this is a matter of application of a state statute relative to appointments for housing authorities, a political subdivision of the state.
Under the circumstances in question, where the charter is silent on the issue, it must be concluded that the applicable statutory provision, R.S. 40:531, will be followed. Therein it is provided in pertinent part that when the governing body of any municipality has determined by resolution that it is expedient to establish a local housing authority, "the chief elected official of the municipality or parish * * * shall appoint five persons who shall constitute the governing body of the local housing authority and shall be called commissioners." (Emphasis added.)
Accordingly, we must conclude only the mayor can make the appointment of commissioners to the Housing Authority of the City of Abbeville, and any other appointments would be invalid.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: November 22, 2002